USDC SDNY
DOCUMENT ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 10/23/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA

-against-

NORMAN SEABROOK AND MURRAY HUBERFELD,

Defendants.
------------------------------------------------------------x

16-CR-467

**OPINION AND ORDER**

**ANDREW L. CARTER, JR., United States District Judge:**

Defendant Huberfeld has served subpoenas on Jona Rechnitz ("Rechnitz"), Cooley LLP ("Cooley"), Naftol & Weberman CPAs, P.C. ("Naftol & Weberman"), Simcha Schonfeld, and Koss & Schonfeld LLP ("Koss & Schonfeld") (collectively, "Non-Parties"). The recipients have moved to quash the subpoenas. The motion is granted in part and denied in part.

## BACKGROUND

Huberfeld has served five subpoenas. Each subpoena consists of a number of requests. The subpoena to Rechnitz (Rechnitz Requests 1-8) seeks four categories of documents: prior statements of Rechnitz about the allegations in the indictment in this case, tax returns filed by Rechnitz and JSR Capital, documents regarding payments to Jason Nissen, and health insurance benefits. The subpoena to Alan Levine and Cooley (Cooley Requests 1-4), Rechnitz's attorneys, seeks statements made by Rechnitz to the prosecutors, statements made by Rechnitz's lawyers who were acting on Rechnitz's behalf to the prosecutors about the allegations in this case, and statements made by Rechnitz to any other third party in a non-privileged setting about the allegations in this case. The subpoena to Naftol & Weberman (Naftol & Weberman Requests 1-3) seeks Rechnitz or JSR Capital's tax returns, communications related to the tax returns, and

1

documents concerning inquiries or investigations by a government tax agency into the tax returns. Finally, the subpoena to Koss & Schonfel (Koss & Schonfel Requests 1-2), who represented Rechnitz in his transactional and real estate matters since 2012, seeks documents, contracts, loan agreement or promissory notes related to agreements between any Jason Nissen entity or any Hamlet Peralta entity with Jona Rechnitz. The subpoenas were issued on September 29, 2017, prior to the receipt of the 3500 or Jencks Act material from the Government. The return date for all of the subpoenas is October 23, 2017, the first day of trial.

On October 10 and 11, 2017, the Non-Parties moved to quash the subpoenas. Huberfeld responded on October 17, 2017. In their response, Huberfeld did not seek compliance with all the requests in the subpoena opting for an order seeking compliance with certain requests.

## STANDARD OF REVIEW

Fed. R. Crim. P. 17(c) allows parties to subpoena any books, papers, documents, data, or other objects the subpoena designates. The subpoena must meet three criteria: "(1) relevancy; (2) admissibility; [and] (3) specificity." *United States v. Ulbricht*, 858 F.3d 71, 109 (2d Cir. 2017) (citing *United States v. Nixon*, 418 U.S. 683, 700 (1974)). Moreover, the evidence sought must be unattainable through means other than the Rule 17(c) subpoena, and the moving party must be unable to adequately prepare for trial without the materials sought." *United States v. Mendinueta-Ibarro*, 956 F. Supp. 2d 511, 513 (S.D.N.Y. 2013).

When a party moves to quash the subpoenas as unduly "unreasonable or oppressive," Fed. R. Crim. P. 17(c)(2), the party responding to a motion to quash (the proponent of the subpoena) "must make a preponderance showing that the materials requested are relevant, specifically identified, admissible, and not otherwise procurable by the exercise of due diligence." *See United States v. Pena,* 15-cr-551, 2016 WL 8735699, at *2 (S.D.N.Y. Feb. 2,

2016) (quoting *United States v. Barnes*, 560 Fed. App'x 36, 39-40 (2d Cir. 2014)).

Impeachment evidence is insufficient to require its production in *advance of trial*. *Mendinueta-Ibarro*, 956 F. Supp. 2d at 514. This is because impeachment material is not relevant for production until a witness has testified. *United States v. Coriaty*, No. 99CR1251, 2000 WL 1099920, at *7 (S.D.N.Y. Aug. 7, 2000) (citing *United States v. Cuthbertson*, 630 F.2d 139 (3d Cir. 1980)). Accordingly, impeachment evidence can be obtained by means of a Rule 17(c) subpoena at trial. *United States v. Murray*, 297 F.2d 812, 821 (2d Cir. 1962).

## DISCUSSION

### A. Rechnitz Subpoena

Huberfeld seeks material to attack Rechnitz's credibility—impeachment material—and is thus obtainable at trial. However, certain requests as written are overbroad, specifically Rechnitz Requests 1, 2, 3, and 5, and Cooley Request 1. The proponent of a subpoena must reasonably specify the information contained or believed to be contained in the document sought. *United States v. Treacy*, No. 08 Cr. 0366, 2008 WL 5082884, at *3 (S.D.N.Y. Dec 1, 2008). Huberfeld contends that the subpoenas are not overbroad, that the documents sought are those "specific documents which contain a statement or communication by Rechnitz about the allegations in the case." Def. Letter Opp'n Mot. Quash (ECF No. 125) at 8. In other words, Huberfeld seeks prior statements to impeach Rechnitz with. *See United States v. Ferguson*, No. 3:06–CR137, 2007 WL 4577303, at *2 (D. Conn. Dec. 26, 2007) (discussing prior inconsistent statements). However, this is not what the subpoena says, which seems to seek all documents, communications, and recordings "concerning or comprising" any statement by Rechnitz. "Concerning or comprising" as defined in the subpoenas is too broad. The net cast is too wide. Accordingly, the Court modifies those requests to match Defendant's clarification: those specific

3

documents which contain a statement or communication by Rechnitz about the allegations in the Indictment.

The return date on subpoenas is for the beginning of trial as opposed to when Rechnitz testifies. Huberfeld correctly notes a divide among the courts about whether impeachment material needs to be produced after the witness testifies or at the beginning of trial and asks the Court to allow the current return date. There are courts that have permitted the production of impeachment materials prior to the witness testifying at trial. *See United States v. LaRouche Campaign*, 841 F.2d 1176, 1180 (1st Cir. 1988) (concluding that it was proper to disclose impeachment evidence before trial pursuant to a Rule 17(c) subpoena because the "putative key witness, whose general testimony is already known, is scheduled to testify").

However, in this Circuit, "the document[s] sought must *at that time* meet the tests of relevancy and admissibility." *See United States v. Marchisio*, 344 F.2d 653, 669 (2d Cir. 1965) (emphasis added). Accordingly, in *United States v. Giampa*, the Court rejected the defendant's request for production on the first day of trial, and instead, modified the subpoena to make them returnable at the time when the witness would testify. No. S 92 Cr. 437, 1992 WL 296440, at *3 (S.D. N.Y. 1992); *see also Ferguson*, 2007 WL 4577303, at *3 (modifying subpoenas for production when witness testifies at trial). The only decision in this Circuit which permitted production of impeachment material at the beginning of trial, specifically a day before the start of trial, known to this Court is *United States v. Tucker*, 249 F.R.D. 58 (S.D.N.Y. 2008). However, in that case, the court did not apply the *Nixon* standard; moreover, the materials to be produced, a significant amount of recordings, would lead to an "unreasonable delay" in trial if produced at the completion of the witness's testimony. *Id.* at 67 n.56. Thus, despite the fact that it is a virtual certainty that Rechnitz will testify in this matter, the weight of the authority in this

4

Circuit favors production when the witness testifies. Furthermore, the volume of the materials being sought is not so much that review by Huberfeld will lead to delay in the trial. The Court will modify the subpoenas as to make them returnable at the time when Rechnitz testifies at trial. *See Giampa*, 1992 WL 296440, at *3; *Ferguson*, 2007 WL 4577303, at *3.

Accordingly, the motion to quash is denied with respect to all documents responsive to Rechnitz Requests 1, 2, 3, 5, 6, and 7. Rechnitz Requests 1, 2, 3, and 5 and Cooley Request 1 are narrowed to those documents or objects that contain a statement or communication by Rechnitz about the allegations in the Indictment. The motion to quash is granted with respect to Rechnitz Request 4, as Huberfeld does not seek to enforce this request. The return date for these requests is modified to be the same date as when Rechnitz testifies.

Documents responsive to Rechnitz Request 8 presents a different issue. The prohibition against impeachment evidence prior to trial does not extend to proof tending to establish bias or motive to fabricate, which is almost always relevant and never collateral. *See, e.g., United States v. Carollo*, 10 CR 654, 2012 WL 1195194, at *2 (S.D.N.Y. Apr. 9, 2012); *United States v. Yudong Zhu*, 13 Cr. 761, 2014 WL 5366107, at *5 (S.D.N.Y. Oct 14, 2014). Rechnitz Request 8 seeks those documents related to health insurance payments for Rechnitz or his family. Huberfeld argues that these documents are relevant as to Rechnitz's bias for the Government because Rechnitz's cooperation agreement covers health insurance fraud, enrollment in a health insurance plan of a company where he was not an employee. The Court agrees that this information is relevant to Rechnitz's alleged fealty to the Government for providing this valuable protection. The motion to quash is denied in full on Rechnitz Request 8.

## B. Cooley Subpoena

In contrast, the motion to quash is granted with respects to Cooley Requests 2, 3,[1] and 4. As an initial matter, these requests tend to implicate 3500 (Jencks Act) materials, which Huberfeld has received. Huberfeld has not demonstrated, given that the date of when these subpoenas were issued was prior to the receipt of the 3500 material, that documents responsive to these requests have not already been obtained. Thus, Huberfeld has failed to show that these materials are not otherwise procurable in the exercise of due diligence. *See Nixon*, 418 U.S. at 699-700.

Moreover, Cooley Request 2 is quashed on specificity and admissibility grounds. Cooley Request 2 seeks documents concerning or comprising communications between Cooley and the Government relating to any of the allegations in the Indictment. This request is both insufficiently specific and not admissible in that it does not specify the information contained therein and how, at all, it would be used for impeachment. Further, any material responsive to this request that would be relevant and admissible is easily obtained (if not already) from the Government. *See United States v. Boyle*, No. 08 CR 523, 2009 WL 484436, at *3 (S.D.N.Y. Feb. 24, 2009).

Cooley Request 4 fails to meet the admissibility prong of the *Nixon* standard. The Request seeks "documents, notes and memoranda reflecting statements made by or on behalf of Jona Rechnitz." ECF No. 125 at 10. A witness's prior statement may be offered to impeach that witness's credibility. *United States v. Strother*, 49 F.3d 869, 874 (2d Cir. 1995) (citing Fed. R. Evid. 613(b)). The rule requires that the statement is the witness's own; a third party's characterization of a witness's statement, on its own is insufficient. *Ferguson*, at *2. Thus,

---

[1] Huberfeld does not seek to enforce this request. *See* ECF No. 125, at 13-14.

6

Cooley's notes, documents, and memoranda cannot be admissible as they consist of a characterization of Rechnitz' statements and thus do not constitute impeachment material. *See United States v. Weismann*, No. 01 CR. 529, 2008 WL 31875410, at *2 (S.D.N.Y. Dec. 26, 2002) (stating that the notes targeted by the subpoena were not the witness's notes, but the attorney's notes, and thus would not constitute a prior statement unless that witness subscribed to that characterization (citing *United States v. Almonte*, 956 F.2d 27, 29 (2d Cir. 1992)). Therefore, Cooley Requests 2, 3, and 4 are quashed.

### C. Naftol & Weberman and Koss & Schonfeld Subpoenas

The motion to quash is denied with respects to Naftol & Weberman Requests 1 and 2, and Koss & Schonfeld Requests 1 and 2. The material sought after constitutes impeachment material. The motion to quash is granted with respect to Naftol & Weberman Request 3 as Huberfeld does not seek to enforce this request. As with the previous Requests, the return date is modified to the date when Rechnitz testifies.

## CONCLUSION

For the foregoing reasons and in summary, the Court denies the motion to quash with respects to Rechnitz Requests 1, 2, 3, 5, 6, 7 and 8; Cooley Request 1; Naftol & Weberman Requests 1 and 2; and Koss & Schonfeld Requests 1 and 2. The Court modifies Rechnitz Requests 1, 2, 3, and 5 and Cooley Request 1 to those documents or objects that contain a statement or communication by Rechnitz about the allegations in the Indictment. With the exception of Rechnitz Request 8, these requests are modified to be returnable at the time when Rechnitz testifies. The Court grants the motion to quash with respects to Rechnitz Request 4; Cooley Requests 2, 3, and 4; and Naftol & Weberman Request 3.

SO ORDERED.

Dated:     October 23, 2017
               New York, New York

*/s/ Andrew L. Carter, Jr.*
_____
**ANDREW L. CARTER, JR.**
**United States District Judge**