Electronically FILED by Superior Court of California, County of Los Angeles on 02/20/2020 04:54 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk

Case 1:16-cr-00467-AKH   Document 320-2   Filed 04/29/20   Page 1 of 19

20STCV07435

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Teresa Beaudet

1  NEAL S. SALISIAN, SBN 240277
   neal.salisian@salisianlee.com
2  H. HAN PAI, SBN 258928
   han.pai@salisianlee.com
3  **SALISIAN | LEE LLP**
   550 South Hope Street, Suite 750
4  Los Angeles, California 90071-2627
   Telephone:   (213) 622-9100
5  Facsimile:   (800) 622-9145

6  Attorneys for Plaintiff
   ISRAEL SAM GORODISTIAN

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                 COUNTY OF LOS ANGELES – CENTRAL DISTRICT

| | |
|---|---|
| ISRAEL SAM GORODISTIAN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>JADELLE JEWELRY AND DIAMONDS, LLC, a Delaware limited liability company; JADELLE INC., a California corporation; JONA RECHNITZ, an individual; RACHEL RECHNITZ, an individual; ROBERT RECHNITZ, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 20STCV07425<br><br>[Assigned to the Hon. _____, Dept. ___]<br><br>**ISRAEL SAM GORODISTIAN'S COMPLAINT FOR:**<br><br>1. **CONVERSION;**<br>2. **CIVIL THEFT (PEN. CODE § 496);**<br>3. **FRAUD – FALSE PROMISE;**<br>4. **NEGLIGENT MISREPRESENTATION;**<br>5. **CIVIL CONSPIRACY TO DEFRAUD;**<br>6. **BREACH OF ORAL CONTRACT (2 COUNTS);**<br>7. **BREACH OF IMPLIED-IN-FACT CONTRACT (2 COUNTS);**<br>8. **MONEY LENT;**<br>9. **ACCOUNT STATED; and**<br>10. **BREACH OF WRITTEN GUARANTY** |

Plaintiff Israel Sam Gorodistian hereby alleges the following against defendants Jadelle Jewelry and Diamonds, LLC; Jadelle Inc.; Jona Rechnitz; Rachel Rechnitz; Robert Rechnitz; and Does 1 through 10, inclusive (collectively, "Defendants"), as follows:

**THE PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff Israel Sam Gorodistian ("Plaintiff" or "Gorodistian") is, and at all times mentioned was, an individual residing in Los Angeles County, State of California.

2. Plaintiff is informed and believes, and so alleges, that defendant Jadelle Jewelry and Diamonds, LLC ("Jadelle LLC") is, and at all times mentioned was, a Delaware limited liability company authorized to do business in the state of California, and maintains its principal place of business in the County of Los Angeles, State of California.

3. Plaintiff is informed and believes, and so alleges, that defendant Jadelle Inc. ("Jadelle Inc.") is, and at all times mentioned was, a California corporation authorized to do business in the state of California, and maintains its principal place of business in the County of Los Angeles, State of California. Jadelle LLC and Jadelle Inc. are collectively referred to as the "Jadelle Parties."

4. Plaintiff is informed and believes, and so alleges, that defendant Jona Rechnitz ("Jona") is, and at all times mentioned was, an individual residing in Los Angeles County, State of California.

5. Plaintiff is informed and believes, and so alleges, that defendant Rachel Rechnitz ("Rachel") is, and at all times mentioned was, an individual residing in Los Angeles County, State of California. Rachel is the managing member of Jadelle LLC and the Chief Executive Officer for Jadelle Inc. Rachel is also Jona's wife.

6. Plaintiff is informed and believes, and so alleges, that defendant Robert Rechnitz ("Robert") is, and at all times mentioned was, an individual residing in Los Angeles County, State of California. Robert is Jona's father, and Jona, Rachel, and Robert are collectively referred to as the "Rechnitzes."

7. Defendants DOES 1 through 10, inclusive, are persons or entities whose acts, activities, misconduct, or omissions at all times material hereto make them jointly and severally

1  liable under the causes of action set forth herein.  The true names and capacities of the Doe
2  defendants are presently unknown, but when ascertained, Plaintiff will request leave of the Court
3  to amend the operative pleading to substitute their true names and capacities.

4        8.     Plaintiff is informed and believes, and so alleges, that, at all times mentioned, each
5  of the Defendants was the agent, servant, joint venturer, co-conspirator, and/or employee of some
6  or all of the remaining Defendants, and in doing the things hereinafter alleged, was acting within
7  the course and scope of that relationship and with the full permission and consent of such
8  Defendants.  Plaintiff is informed and believes, and so alleges, that each Defendant ratified,
9  approved, and adopted as its own some or all of the acts of each of the other Defendants.  Plaintiff
10 is informed and believes, and thereon alleges, that each of the Defendants materially aided in
11 some or all of the violations of the other Defendants.

12       9.     Plaintiff is informed and believes, and so alleges, that the Defendants are the alter
13 egos of each other and there exists, and at all relevant times herein there existed, a unity of
14 interest and ownership and control among the Defendants, such that any individuality and
15 separateness among them has ceased to exist, and they are alter egos of each other, and thus one
16 or more Defendants' business is nothing more than a shell, instrumentality, or conduit through
17 which the remaining Cross Defendants carry on certain of their business.

18     10.     Venue is proper in this Court because all events described in this Complaint took
19 place within the jurisdictional boundaries of the Court.  This Court has personal jurisdiction over
20 Defendants because all have done and currently are doing business in the County of Los Angeles,
21 State of California, and/or some or all of the Defendants reside within the County of Los Angeles.

**GENERAL ALLEGATIONS**

23     11.     Gorodistian met Jona through a mutual friend with whom he has known for many
24 years.  In or around June 2019, Jona pitched a lending opportunity for Gorodistian in connection
25 with Rechnitz's jewelry business, the Jadelle Parties, which companies are managed and run by
26 Rachel.

27     12.     In particular, Jona represented and promised that (a) as part of their business, the
28 Jadelle Parties make short-term loans to borrowers, which are secured by jewelry from the

1  borrowers as collateral; (b) once the loan funds are repaid by the borrowers, the jewelry is
2  returned to them; (c) outside, private lenders fund the loans made by the Jadelle Parties, who are
3  entitled monthly interest payments until the principal loan is repaid.

4  13. In reliance on Jona's promises, Gorodistian entered into a verbal agreement with
5  Defendants to participate in the lending opportunity, and ultimately lent a total of $1,573,333.33
6  from June 2019 to November 2019, broken down as follows (the "Lending Agreement"):

7   a. $200,000.00 lent on June 28, 2019;
8   b. $100,000.00 lent on July 24, 2019;
9   c. $500,000.00 lent on August 28, 2019;
10  d. $100,000.00 lent on September 3, 2019;
11  e. $300,000.00 lent on September 16, 2019; and
12  f. $373,333.33 lent on November 4, 2019.

13  14. Under the Lending Agreement, Defendants agreed to repay each loan in a
14  reasonable amount of time, together with interest. Defendants did make periodic interest
15  payments to Gorodistian for some of the above loans, but those interest payments stopped in or
16  around January 2020.

17  15. Prior to each of Gorodistian's loans, Jona, on behalf of Defendants, convinced
18  Gorodistian that each loan was a great deal, that he had numerous contacts in the jewelry
19  business, there was solid and more than sufficient collateral, and he otherwise ingratiated himself
20  with Gorodistian to better position himself to defraud Gorodistian.

21  16. For example, prior to the September 16, 2019 loan, Jona represented to
22  Gorodistian that he had a great deal where a borrower needed a $300,000.00 loan which would be
23  secured against valuable jewelry as collateral, and it would only be a 10-day loan. Gorodistian
24  relied on those representations and promises and funded that loan.

25  17. As another example, on October 31, 2019, Gorodistian attended a meeting with
26  Jona and his father Robert. At the meeting, the Rechnitzes further ingratiated themselves with
27  Gorodistian, attempting to place him at ease in furtherance of the Defendants' fraudulent scheme.
28

18. Several days later, Jona represented that the same borrower on the $300,000.00 loan now needed a $1,200,000.00 loan, which would be funded 1/3 each by himself, Robert, and Gorodistian. Gorodistian relied on those representations and promises and funded his 1/3 share.

19. On January 2, 2020, Jona asked Gorodistian for a personal favor to borrow $86,000.00 on a seven-day loan to cover a shortfall Jona needed to close escrow on a real property investment. Based on the personal relationship that Jona had cultivated with Gorodistian by this point, Gorodistian verbally agreed to the loan, and lent $86,000.00 that day (the "Personal Loan").

20. None of the principal amounts lent under the Lending Agreement or loaned under the Personal Loan were repaid. Over the ensuing weeks, Gorodistian repeatedly attempted to obtain repayment from Defendants – including exchanging multiple communications and/or attending in-person meetings with Jona and Robert – for the full amount of his unpaid funds due under the Lending Agreement and the Personal Loan, but has thus far been unsuccessful.

21. During this time, Gorodistian discovered that (a) Jona was charged by the United States Attorney in the Southern District of New York for wire fraud, for which Jona entered a guilty plea; and (b) on or around December 16, 2019, Jona was sentenced to 10 months in custody, and was granted release pending appeal.

22. In response to Gorodistian's repeated inquiries made to Defendants as to the outstanding repayment, Defendants assured Gorodistian that they would make the repayments, and that Gorodistian would be fully repaid all of his funds due under the Lending Agreement and Personal Loan.

23. As part of these repeated assurances, Robert also represented and promised that Jona would retain an attorney to assist with the repayment, and on January 17, 2020, Jona signed a personal guaranty of all funds lent under the Lending Agreement (the "Jona Guaranty").

24. Contrary to, and in repudiation of, the repeated representations, assurances, and promises by Defendants, the payments under the Lending Agreement and Personal Loan stopped completely. In fact, to date, Gorodistian has not received a single dollar from Defendants in

principal repayment of his lent funds under the Lending Agreement or the Personal Loan, despite Defendants' repeated promises to do so.

25. On February 7, 2020, Defendants' attorney, Reuven Cohen, spoke to Gorodistian by telephone and informed Gorodistian that Defendants would not be repaying any of his funds.

## FIRST CAUSE OF ACTION

### Conversion

### (Against Defendants Jadelle Parties and Jona)

26. Plaintiff re-alleges and incorporates the preceding paragraphs of this Complaint as though fully set forth.

27. At all times relevant, Gorodistian has owned, possessed, or had a right to receive and possess his assets, including the funds lent pursuant to the Lending Agreement and the Personal Loan.

28. Gorodistian recently discovered that the Jadelle Parties and Jona have intentionally and substantially interfered with Gorodistian's property by means of false and fraudulent activity, including, but not limited to, misappropriating Gorodistian's funds for their own personal use and other theft according to proof. The Jadelle Parties and Jona engaged in this conduct with the intention of wrongfully benefitting themselves at the expense of Gorodistian.

29. Gorodistian did not consent to said activities.

30. As a direct and proximate result of the foregoing acts, the Jadelle Parties and Jona intended to cause, and have in fact caused, actual harm to Gorodistian, and are liable to Gorodistian for damages in an amount to be proven at trial, but no less than $1,659,333.33.

31. During, and as a further proximate result of, the Jadelle Parties and Jona's wrongful possession and detention of Gorodistian's property, Gorodistian has suffered the loss of the deterioration of his property and resulting business losses in an amount to be proven at trial.

32. Furthermore, Gorodistian is informed and believes, and so alleges, that the Jadelle Parties and Jona's aforementioned acts were taken with malice, fraud, and oppression and in conscious disregard for Pratt's rights, and were done willfully and with the intent to cause injury to Gorodistian. The Jadelle Parties and Jona were aware at all times that Gorodistian was owed

repayment of his funds and intended to surreptitiously misappropriate Gorodistian's funds for their own personal use, seeking only to intentionally and maliciously deceive Gorodistian. Accordingly, Gorodistian is entitled to an award of exemplary and punitive damages against the Jadelle Parties and Jona.

## SECOND CAUSE OF ACTION

### Civil Theft (Pen. Code § 496)

### (Against All Defendants)

33. Plaintiff re-alleges and incorporates the preceding paragraphs of this Complaint as though fully set forth.

34. Defendants received property that had been stolen or that had been obtained in a manner constituting theft or extortion, knowing the property to be so stolen or obtained and/or concealed or withheld, or aided in concealing or withholding property from Gorodistian, knowing the property to be so stolen or obtained.

35. Defendants have received property from Gorodistian in a manner constituting "theft," as that term is defined in California Penal Code, section 484(a).

36. As a direct and proximate result of the foregoing acts, Defendants intended to cause, and have in fact caused, actual harm to Gorodistian, and are liable to Gorodistian for damages in an amount to be proven at trial, but no less than $1,659,333.33.

37. Gorodistian is also entitled to recover treble damages and reasonable attorneys' fees and costs from Defendants under Penal Code section 496(c).

## THIRD CAUSE OF ACTION

### (Fraud – False Promise)

### (Against Defendants Jadelle Parties and Jona)

38. Plaintiff re-alleges and incorporates the preceding paragraphs of this Complaint as though fully set forth.

39. Beginning in or around June 2019, and continuing thereafter, the Jadelle Parties and Jona promised Gorodistian that they would perform their obligations under the Lending

1  Agreement and Personal Loan, including, but not limited to, their promise to re-pay the full

2  amount of Gorodistian's lent funds of at least $1,659,333.33.

3      40.    Theses promises were in fact 100% false.  At the time they made these promises,

4  the Jadelle Parties and Jona had no intention of re-paying the full amount of Gorodistian's lent

5  funds of at least $1,659,333.33.  The true facts were that the Jadelle Parties and Jona knew they

6  would not perform their obligations under, or abide by the terms of, the Lending Agreement and

7  Personal Loan at the time of they were made, and knew that they would not perform their

8  promises pursuant to the Lending Agreement and Personal Loan.

9      41.    The promises made by the Jadelle Parties and Jona were material, and Gorodistian

10 would have acted differently had the Jadelle Parties and Jona not made their promises.

11     42.    The Jadelle Parties and Jona made their promises with the intent to induce

12 Gorodistian to enter into the Lending Agreement and Personal Loan and lend his funds to them,

13 but without making full re-payment, as demonstrated by, among other things, the Jadelle Parties

14 and Jona's hasty repudiation of their promises and/or their continued assurances after it was clear

15 they would not perform, all with full knowledge of Gorodistian's urgent situation regarding his

16 need for repayment of his funds.

17     43.    Gorodistian had a right to rely on the Jadelle Parties and Jona's promises, acted in

18 reasonable reliance on those promises, and, in ignorance of their falsity, entered into the Lending

19 Agreement and Personal Loan.  Had Gorodistian known the true facts, Gorodistian would not

20 have entered into the Lending Agreement and Personal Loan with the Jadelle Parties and Jona.

21     44.    As a direct and proximate result of the foregoing acts, the Jadelle Parties and Jona

22 intended to cause, and have in fact caused, actual harm to Gorodistian, and is liable to Gorodistian

23 for damages in an amount to be proven at trial.

24     45.    Furthermore, Gorodistian is informed and believes, and so alleges, that the Jadelle

25 Parties and Jona's aforementioned acts were taken with malice, fraud, and oppression and in

26 conscious disregard for Gorodistian's rights, and were done willfully and with the intent to cause

27 injury to Gorodistian.  The Jadelle Parties and Jona, and each of them, were aware at all times that

28 they had no intention of -paying the full amount of Gorodistian's funds of at least $1,659,333.33,

1  despite their promises and assurances, and instead, sought only to intentionally and maliciously
2  deceive Gorodistian.  Accordingly, Gorodistian is entitled to an award of exemplary and punitive
3  damages against the Jadelle Parties and Jona.

## FOURTH CAUSE OF ACTION

### (Negligent Misrepresentation)

### (Against Defendants Jadelle Parties and Jona)

7  46.  Plaintiff re-alleges and incorporates the preceding paragraphs of this Complaint as
8  though fully set forth.

9  47.  Beginning in or around June 2019, and continuing thereafter, the Jadelle Parties
10  and Jona verbally made false material representations and omissions to Gorodistian that they
11  would perform their obligations under the Lending Agreement and the Personal Loan, including,
12  but not limited to, their promise to re-pay the full amount of Gorodistian's lent funds of at least
13  $1,659,333.33.

14  48.  Theses representations and omissions were in fact 100% false.  The true facts were
15  that the Jadelle Parties and Jona knew they would not perform their obligations under, or abide by
16  the terms of, the Lending Agreement and Personal Loan at the time they were made, and knew
17  that they would not perform their promises pursuant to the Lending Agreement and Personal
18  Loan.

19  49.  The Jadelle Parties and Jona made the false representations and omissions without
20  a reasonable belief in their truth, but Gorodistian only recently discovered their falsehood.

21  50.  The representations and omissions made by the Jadelle Parties and Jona were
22  material, and Gorodistian would have acted differently had the Jadelle Parties and Jona not made
23  their false representations and omissions.

24  51.  The Jadelle Parties and Jona made their false representations and omissions with
25  the intent to induce Gorodistian to enter into the Lending Agreement and lend his funds to the
26  Jadelle Parties and Jona, but without receiving full re-payment, all with full knowledge of
27  Gorodistian's urgent situation regarding his need for repayment of his funds.

28

52. Gorodistian had a right to rely on the Jadelle Parties and Jona's representations and omission, acted in reasonable reliance on those representations and omission, and, in ignorance of their falsity, entered into the Lending Agreement and Personal Loan. Had Gorodistian known the true facts, Gorodistian would not have entered into the Lending Agreement and Personal Loan with the Jadelle Parties and Jona.

53. As a direct and proximate result of the foregoing acts, the Jadelle Parties and Jona intended to cause, and have in fact caused, actual harm to Gorodistian, and are liable to Gorodistian for damages in an amount to be proven at trial.

## FIFTH CAUSE OF ACTION

**(Civil Conspiracy to Defraud)**

**(Against Defendants All Defendants)**

54. Plaintiff re-alleges and incorporates the preceding paragraphs of this Complaint as though fully set forth.

55. Defendants knowingly and willfully conspired and agreed among themselves to defraud Gorodistian by making made false promises and false material representations and omissions to Gorodistian that Defendants would perform their obligations under the Lending Agreement and Personal Loan, including, but not limited to, their promise to re-pay the full amount of Gorodistian's funds of at least $1,659,333.33. Defendants each expressly authorized, and approved, participated, and/or tacitly assented and acquiesced to this arrangement.

56. In furtherance of this arrangement and to further induce Gorodistian to lend to the Jadelle Parties and make the Personal Loan, Defendants verbally made false promises and false material representations and omissions.

57. Theses promises were in fact 100% false. At the time they made these promises, Defendants had no intention of re-paying the full amount of Gorodistian's funds of at least $1,659,333.33. The true facts were that Defendants knew they would not perform their obligations under, or abide by the terms of, the Lending Agreement and the Personal Loan at the time they were made, and knew that they would not perform their promises pursuant to the Lending Agreement and the Personal Loan.

58. Gorodistian is informed and believes, and so alleges, that Defendants were aware of these representations and/or promises being made, and were aware of their falsity at the time made, but nevertheless expressly authorized, approved, participated in, and/or tacitly assented and acquiesced to them. Defendants' conduct was carried out for their own financial gain.

59. Defendants did the acts and things alleged pursuant to, and in furtherance of, the conspiracy. Each of the Defendants were aware of the other's actions and engaged in a conspiracy to defraud Gorodistian.

60. As a direct and proximate result of the foregoing acts, Defendants intended to cause, and have in fact caused, actual harm to Gorodistian, and are liable to Gorodistian for damages in an amount to be proven at trial.

61. Furthermore, Gorodistian is informed and believes, and so alleges, that Defendants' aforementioned acts were taken with malice, fraud, and oppression and in conscious disregard for Gorodistian's rights, and were done willfully and with the intent to cause injury to Gorodistian. Defendants, and each of them, were aware at all times that they had no intention of paying the full amount of Gorodistian's funds of at least $1,659,333.33, despite their promises and assurances, and instead, sought only to intentionally and maliciously deceive Gorodistian. Accordingly, Gorodistian is entitled to an award of exemplary and punitive damages against Defendants.

## SIXTH CAUSE OF ACTION

**(Breach of Oral Contract – Lending Agreement)**

**(Against Defendants Jadelle Parties and Jona)**

62. Plaintiff re-alleges and incorporates the preceding paragraphs of this Complaint as though fully set forth.

63. Gorodistian, the Jadelle Parties, and Jona are parties to a binding contract, the Lending Agreement.

64. At all times, Gorodistian has performed all conditions, covenants, and promises required by him in accordance with the terms of the Lending Agreement, except as he has been

prevented or excused from performing by the acts and/or omissions of the Jadelle Parties and Jona.

65. Under the Lending Agreement, the Jadelle Parties and Jona agreed to make full repayment of Gorodistian's lent funds, totaling $1,573,333.33, along with interest.

66. The Jadelle Parties and Jona breached the Lending Agreement by failing to make full repayment of the lent funds, totaling $1,573,333.33. As of the date of filing of this complaint, the full amount of Gorodistian's lent funds in the amount $1,573,333.33 are past due and owing. In addition, accrued and ongoing interest, remains due, owing, and unpaid from the Jadelle Parties and Jona to Gorodistian.

67. As a direct and proximate result of the foregoing acts, Gorodistian has been damaged in an amount to be proven at trial, together with interest at the maximum legal rate according to proof. The Jadelle Parties and Jona would receive unjust enrichment if allowed to retain the benefits of Gorodistian's performance under the Lending Agreement without abiding by the Jadelle Parties and Jona's own repayment obligations under the Lending Agreement, and/or Gorodistian detrimentally relied on the Lending Agreement and would suffer an unconscionable injury if the Lending Agreement was not enforced.

## SEVENTH CAUSE OF ACTION

**(Breach of Implied-in-Fact Contract – Lending Agreement)**

**(Against Defendants Jadelle Parties and Jona)**

68. Plaintiff re-alleges and incorporates the preceding paragraphs of this Complaint as though fully set forth.

69. The Jadelle Parties and Jona requested that Gorodistian lend funds, which would be fully repaid with interest, in the total amount of $1,573,333.33.

70. Gorodistian accepted the Jadelle Parties and Jona's offer and provided them funds totaling $1,573,333.33.

71. At all times, Gorodistian has performed all conditions, covenants, and promises required by it in accordance with the terms of the Lending Agreement, except as he has been

prevented or excused from performing by the acts and/or omissions of the Jadelle Parties and Jona.

72. By their conduct, the Jadelle Parties and Jona accepted the benefits that accrued to it as a result of the Lending Agreement, and therefore entered into an implied-in-fact contract with Gorodistian, but have nevertheless failed to re-pay the entire $1,573,333.33.

73. This failure to re-pay is a breach of the implied-in-fact contract between Gorodistian and the Jadelle Parties and Jona.

74. As a direct and proximate result of the foregoing acts, Gorodistian has been damaged in an amount to be proven at trial, together with interest at the maximum legal rate according to proof.

## EIGHTH CAUSE OF ACTION

**(Money Lent)**

**(Against Defendants Jadelle Parties and Jona)**

75. Plaintiff re-alleges and incorporates the preceding paragraphs of this Complaint as though fully set forth.

76. In Los Angeles County, State of California, the Jadelle Parties and Jona became indebted to Gorodistian in the sum of $1,659,333.33 as result of the Lending Agreement and Personal Loan, for money lent by Gorodistian to the Jadelle Parties and Jona at their request, which the Jadelle Parties and Jona agreed to repay. The Jadelle Parties and Jona agreed to pay to Gorodistian said balance in full.

77. Although demanded by Gorodistian from the Jadelle Parties and Jona, the Jadelle Parties and Jona have failed to fully reply repaid the Lending Agreement and Personal Loan. Repeated demands were made beginning in January 2020. As of the date of filing of this complaint, $1,659,333.33 is the current principal amount past due and owing. In addition, accrued and ongoing interest remains due, owing, and unpaid from the Jadelle Parties and Jona to Gorodistian.

78. Gorodistian has incurred attorneys' fees in connection with this matter, in an amount to be determined at trial. Because the agreement on which this action is based is a

contract on a book account, Gorodistian is entitled to recover attorneys' fees from the Jadelle Parties and Jona pursuant to Civil Code section 1717.5.

## NINTH CAUSE OF ACTION

### (Account Stated)

### (Against Defendants Jadelle Parties and Jona)

79. Plaintiff re-alleges and incorporates the preceding paragraphs of this Complaint as though fully set forth.

80. In Los Angeles County, State of California, an account was stated orally by and between Gorodistian and the Jadelle Parties and Jona, and on such statement, a balance of $1,659,333.33 was found due to Gorodistian from the Jadelle Parties and Jona. The Jadelle Parties and Jona agreed to pay to Plaintiff said balance in full.

81. Although demanded by Gorodistian from Jadelle and Jona, they have failed to fully repay the Lending Agreement and Personal Loan. Repeated demands were made beginning in January 2020. As of the date of filing of this complaint, $1,659,333.33 is the current principal amount past due and owing. In addition, accrued and ongoing interest remains due, owing, and unpaid from the Jadelle Parties and Jona to Gorodistian.

82. Gorodistian has incurred attorneys' fees in connection with this matter, in an amount to be determined at trial. Because the agreement on which this action is based is a contract on a book account, Gorodistian is entitled to recover attorneys' fees from the Jadelle Parties and Jona pursuant to Civil Code section 1717.5.

## TENTH CAUSE OF ACTION

### (Breach of Oral Contract – Personal Loan)

### (Against Defendant Jona)

83. Plaintiff re-alleges and incorporates the preceding paragraphs of this Complaint as though fully set forth.

84. Gorodistian and Jona are parties to a binding contract, the Personal Loan.

85. At all times, Gorodistian has performed all conditions, covenants, and promises required by him in accordance with the terms of the Personal Loan, except as he has been prevented or excused from performing by the acts and/or omissions of Jona.

86. Under the Personal Loan, Jona agreed to make full repayment on the Personal Loan, totaling $86,000.00.

87. Jona breached the Personal Loan by failing to make full repayment, totaling $86,000.00. As of the date of filing of this complaint, the full amount of the Personal Loan in the amount of $86,000.00 is past due and owing.

88. As a direct and proximate result of the foregoing acts, Gorodistian has been damaged in an amount to be proven at trial, together with interest at the maximum legal rate according to proof. Jona would receive unjust enrichment if allowed to retain the benefits of Gorodistian's performance under the Personal Loan without abiding by Jona's own repayment obligations under the agreement, and/or Gorodistian detrimentally relied on the Personal Loan and would suffer an unconscionable injury if the Personal Loan was not enforced.

## ELEVENTH CAUSE OF ACTION

**(Breach of Implied-in-Fact Contract – Personal Loan)**

**(Against Defendant Jona)**

89. Plaintiff re-alleges and incorporates the preceding paragraphs of this Complaint as though fully set forth.

90. Jona requested that Gorodistian loan him funds, which would be fully repaid, in the total amount of $86,000.00.

91. Gorodistian accepted Jona's offer and provided him funds totaling $86,000.00.

92. At all times, Gorodistian has performed all conditions, covenants, and promises required by him in accordance with the terms of the Personal Loan, except as he has been prevented or excused from performing by the acts and/or omissions of Jona.

93. By his conduct, Jona accepted the benefits that accrued to it as a result of the Personal Loan, and therefore entered into an implied-in-fact contract with Gorodistian, but has nevertheless failed to re-pay the entire $86,000.00.

94.  This failure to re-pay is a breach of the implied-in-fact contract between Gorodistian and Jona.

95.  As a direct and proximate result of the foregoing acts, Gorodistian has been damaged in an amount to be proven at trial, together with interest at the maximum legal rate according to proof.

## TWELFTH CAUSE OF ACTION

**(Breach of Written Guaranty)**

**(Against Defendant Jona)**

96.  Plaintiff re-alleges and incorporates the preceding paragraphs of this Complaint as though fully set forth.

97.  On or about January 17, 2020, Jona unconditionally agreed to guaranty in writing all the obligations and duties owed by the Jadelle Parties under the Lending Agreement in the Jona Guaranty.

98.  The Jadelle Parties have defaulted on the Lending Agreement, and Jona has defaulted on the Jona Guaranty, by failing to re-pay the outstanding balance of the Lending Agreement. As of the date of filing of this complaint, $1,573,333.33 is the current principal amount past due and owing. In addition, accrued and ongoing interest remains due, owing, and unpaid to Gorodistian.

99.  Gorodistian has performed all conditions and promises required on his part to be performed under the Lending Agreement and the Jona Guaranty.

100.  Gorodistian relied on Jona's credit and assets in order for him to lend under the Lending Agreement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendants, and each of them, jointly and severally, as follows:

**On the First Cause of Action for Conversion Against Defendants Jadelle Parties and Jona:**

1.  For compensatory and consequential damages in an amount to be proven at trial, in the amount of at least $1,659,333.33;

Seabrook, Exhibit B, p 16
15
ISRAEL SAM GORODISTIAN'S COMPLAINT

|   |   |   |
|---|---|---|
| 1 | 2. | For prejudgment interest at the highest allowable legal rate; |
| 2 | 3. | For costs of suit; |
| 3 | 4. | For punitive damages arising from Jadelle and Jona's intentional torts; |
| 4 | 5. | For such other or further relief as the Court deems just and proper. |

**On the Second Cause of Action for Civil Theft (Pen. Code § 496) Against All Defendants:**

1. For treble damages in an amount to be proven at trial;
2. For prejudgment interest at the highest allowable legal rate;
3. For reasonable attorneys' fees and costs of suit;
4. For such other or further relief as the Court deems just and proper.

**On the Third Cause of Action For Fraud – False Promise Against Defendants Jadelle Parties and Jona:**

1. For compensatory and consequential damages in an amount to be proven at trial;
2. For prejudgment interest thereon at the highest legal rate;
3. For punitive damages;
4. For costs of suit; and
5. For such other or further relief as the Court deems just and proper.

**On the Fourth Cause of Action For Negligent Misrepresentation Against Defendants Jadelle Parties and Jona:**

1. For compensatory and consequential damages in an amount to be proven at trial;
2. For prejudgment interest thereon at the highest legal rate;
3. For costs of suit; and
4. For such other or further relief as the Court deems just and proper.

**On the Fifth Cause of Action For Civil Conspiracy to Defraud Against All Defendants:**

1. For compensatory and consequential damages in an amount to be proven at trial;
2. For prejudgment interest thereon at the highest legal rate;
3. For costs of suit; and
4. For such other or further relief as the Court deems just and proper.

**On the Sixth Cause of Action For Breach of Oral Contract – the Lending Agreement Against Defendants Jadelle Parties and Jona:**

1. For compensatory and consequential damages in an amount to be proven at trial, in the amount of at least $1,573,333.33;
2. For costs of suit;
3. For prejudgment interest thereon at the highest legal rate;
4. For such other or further relief as the Court deems just and proper.

**On the Seventh Cause of Action For Breach of Implied-in-Fact Contract – the Lending Agreement Against Defendants Jadelle Parties and Jona:**

1. For compensatory and consequential damages in an amount to be proven at trial, in the amount of at least $1,573,333.33;
2. For costs of suit;
3. For prejudgment interest thereon at the highest legal rate; and
4. For such other or further relief as the Court deems just and proper.

**On the Eighth Cause of Action For Money Lent Against Defendants Jadelle Parties and Jona:**

1. For compensatory and consequential damages in an amount to be proven at trial, in the amount of at least $1,659,333.33;
2. For reasonable attorney's fees and costs of suit;
3. For prejudgment interest thereon at the highest legal rate; and
4. For such other or further relief as the Court deems just and proper.

**On the Ninth Cause of Action For Account Stated Against Defendants Jadelle Parties and Jona:**

1. For compensatory and consequential damages in an amount to be proven at trial, in the amount of at least $1,659,333.33;
2. For reasonable attorney's fees and costs of suit;
3. For prejudgment interest thereon at the highest legal rate; and
4. For such other or further relief as the Court deems just and proper.

**On the Tenth Cause of Action For Breach of Oral Contract – Personal Loan Against Defendant Jona:**

1. For compensatory and consequential damages in an amount to be proven at trial, in the amount of at least $86,000.00;
2. For costs of suit;
3. For prejudgment interest thereon at the highest legal rate;
4. For such other or further relief as the Court deems just and proper.

**On the Eleventh Cause of Action For Breach of Implied-in-Fact Contract – Personal Loan Against Defendant Jona:**

1. For compensatory and consequential damages in an amount to be proven at trial, in the amount of at least $86,000.00;
2. For costs of suit;
3. For prejudgment interest thereon at the highest legal rate; and
4. For such other or further relief as the Court deems just and proper.

**On the Twelfth Cause of Action For Breach of Written Guaranty Against Defendant Jona:**

1. For compensatory and consequential damages in an amount to be proven at trial, in the amount of at least $1,659,333.33;
2. For costs of suit;
3. For prejudgment interest thereon at the highest legal rate; and
4. For such other or further relief as the Court deems just and proper.

DATED: February 20, 2020                    SALISIAN | LEE LLP

                                            By: _____
                                                Neal S. Salisian

                                            Attorneys for Plaintiff
                                            ISRAEL SAM GORODISTIAN