UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------- X
UNITED STATES OF AMERICA,

        -against-

NORMAN SEABROOK,

                      Defendant.
--------------------------------------------------------------- X

**ORDER DENYING IN PART MOTION FOR RETURN OF PROPERTY**

16 Cr. 467 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

        Defendant Norman Seabrook moves for the return of property seized at the time of his arrest under Rule 41(g) of the Federal Rules of Civil Procedure. *See* ECF No. 355. The Government concedes the return of the property seized, with the exception of $21,000 cash found in his home. *See* ECF No. 357. For the reasons discussed below, Seabrook's motion is granted, except that it is denied as to the $21,000. The Government shall submit a proposed order, settled with Seabrook, providing for the return of the items sought by Seabrook and conceded by the Government and the application of the $21,000 to Seabrook's restitution obligation to the Correction Officers Benevolent Association.

**Background**

        On August 15, 2018, a unanimous jury convicted Seabrook of one count of honest services wire fraud under 18 U.S.C. § 1346, and one count of conspiracy under 18 U.S.C. § 1349. Seabrook's convictions stemmed from a bribery scheme during his tenure as the president of the Correction Officers Benevolent Association ("COBA"), the nation's largest correction officers' union. Pursuant to the bribery scheme, Seabrook invested $20 million, substantially all COBA's pension fund including reserves, into a hedge fund in three tranches

over the course of 2014, in exchange for a promise of a share of the yearly revenue that the fund would charge for the investment, to be paid personally to Seabrook.  Seabrook was promised approximately $100,000; he was paid $60,000 in cash in December 2014, stashed inside a Ferragamo men's handbag.  The $60,000 bribe payment was advanced by Jona Rechnitz and paid by Murray Huberfeld, one of the principals of the hedge fund.  The hedge fund failed, and COBA lost $19 million of the $20 million invested.

Federal law enforcement agents arrested Seabrook on June 8, 2016, and executed a search warrant that authorized the seizure of any cash in an amount greater than $5,000 and any Ferragamo shoes or bags.  Among other things, Federal law enforcement agents recovered the following items:

   i. $21,000 located in a safe within a closet in Seabrook's master bedroom (the "$21,000").  The cash was found within three bank envelopes with handwritten markings of "5M," "10M," and "10M";
   ii. $1,000 in cash from a pair of men's pants located in the master bedroom (the "$1,000");
   iii. A Ferragamo handbag on the door to Seabrook's den;
   iv. A laptop, a cellular phone, and numerous pairs of Ferragamo shoes; and
   v. $5,600 in the upper closet of a guest room, stuffed under a yoga mat (the "$5,600").

Seabrook's first trial concluded in a hung jury on November 16, 2017.  At the conclusion of the retrial, on August 15, 2018, Seabrook was convicted by a unanimous jury.  He was sentenced on February 8, 2019, to 58 months of custodial imprisonment, three years of supervised release, and, among other things, restitution to COBA in the amount of its $19 million

loss foreseeably resulting from Seabrook's crimes, to be paid monthly at a rate of 10% of his monthly net income, beginning after completion of his custody and entry upon supervised release. Seabrook appealed from the judgment on February 22, 2019, and his appeal was denied on September 21, 2020, by the Court of Appeals. *See* ECF No. 334. He is scheduled to enter custody, after extensions, on March 30, 2021. *See* ECF No. 347.

On February 2, 2021, Seabrook moved for the return of the property seized from his house, pursuant to Rule 41(g) of the Federal Rules of Civil Procedure. The Government concedes in its opposition brief that the return of (i) the $1,000, (ii) the $5,600, and (iii) Seabrook's shoes, laptop, and cellular phone are appropriate. *See* ECF No. 357, at 8. The Government, however, contends that the motion should be denied as to the $21,000, because (i) Seabrook lacks standing as an "aggrieved party" under Rule 41(g), (ii) Seabrook is not lawfully entitled to the $21,000 seized, and (iii) the $21,000 reflected the bribe, or the fruits of the bribe, and is owed to COBA in partial restitution. For the reasons discussed below, I deny Seabrook's motion with respect to the $21,000, and grant the balance of his motion on the Government's consent.[1]

## Discussion

Rule 41(g) of the Federal Rules of Criminal Procedure provides that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g). [W]here no criminal proceedings against the movant are pending or have transpired, a motion for the return of property is treated as a civil equitable proceeding." *Mora v. United States*, 955 F.2d 156, 158 (2d Cir. 1992) (internal quotation marks, citation, and alterations omitted). As an equitable remedy, relief under

---

[1] Seabrook does not appear to be seeking the return of the Ferragamo bag, which, as discussed herein, was received as part of the bribe payment in December 2014.

Rule 41(g) is "available only when there is no adequate remedy at law and the equities favor the exercise of jurisdiction," and, therefore, "[j]urisdiction under Rule 41 is to be exercised with great restraint and caution." *De Almeida v. United States*, 459 F.3d 377, 382 (2d Cir. 2006). To prevail on a Rule 41(g) motion, the moving party "must demonstrate that (1) he is entitled to lawful possession of the seized property; (2) the property is not contraband; and (3) either the seizure was illegal or the government's need for the property as evidence has ended." *Ferreira v. United States*, 354 F. Supp. 2d 406, 409 (S.D.N.Y. 2005). The moving party bears the burden of proving these three elements by a preponderance of the evidence. *See* 3A Charles Alan Wright et al., *Federal Practice and Procedure: Criminal* § 673 (4th ed. 2019) ("On a motion to return the burden is on the moving party to show that he or she is entitled to lawful possession of the property. The party who carries the burden need do so only by a preponderance of the evidence.").

As a preliminary matter, the Court disagrees with the Government's contention that Seabrook has no standing under Rule 41(g) to seek the $21,000. Seabrook points out in his reply, and the Government concedes, that the $21,000 was found inside a closet safe in his own master bedroom. *See* ECF No. 362, at 2; ECF No. 367, at 9–10. The location of the $21,000 at the time of seizure indicates that Seabrook had a possessory interest over the money. *See Ferreira*, 354 F. Supp. 2d at 410 ("Under Rule 41(g), the property [a defendant] can recover is only that over which he can establish a sufficient ownership or *possessory interest* . . . .") (emphasis added). Seabrook, therefore, has standing as an allegedly "aggrieved" party under Rule 41(g).

Seabrook, however, fails to demonstrate that he is entitled to "*lawful* possession" of the seized $21,000. *Id.* at 409 (emphasis added). The evidence adduced at trial shows that the

4

$21,000 was found within three bank envelopes marked with handwritten notes reading "5M", "10M" and "10M." ECF No. 355, Ex. 4, at ¶ 11. The Government seeks to associate these notations with the three tranches of investments that Seabrook made in 2014—$10 million, $5 million, and $5 million—but this argument is not altogether consistent with the amounts actually invested, and is not a convincing inference. However, Rule 41(g) places the burden of proof on Seabrook, and Seabrook gives no reasonable explanation as to the source of these funds. Seabrook's wife claims in her affidavit that the $21,000 were "entirely monies [she] either earned, inherited, won, or held on behalf of [her] daughter." ECF No. 355, Ex. 4, at ¶ 14. Specifically, she claims that the $21,000 include, (i) approximately $10,000 of cash distribution from her mother's estate, who died in 2007, (ii) approximately $5,000 of cash wedding gifts her daughter received in 2016, and (iii) approximately $9,000 gambling winnings that she had in 2013 from a $5 slot machine.[2] These statements, uncorroborated by any evidence or specificity, are much too conclusory to be credible, and do not prove by a preponderance of the evidence that the $21,000 were lawfully gained, and are not fruits of Seabrook's crime. The Government and Seabrook dispute, as they did at trial, whether the notations of "M" on the bank envelopes should be read as "thousand" or "million." *See* ECF No. 362, at 5. The only evidence that counts is the jury's verdict, and the only fair inference from the verdict is that Seabrook accepted $60,000 as the bribe stashed inside a Ferragamo bag, and that the $21,000 reflects the unspent amount of that bribe. *See* Tr. 1185–86, ECF No. 249, at 125–26. Seabrook, who has the burden of proof to show by a preponderance of the evidence, that the money was his and not the fruits of his crime, fails his burden. *See In re Wiltron Assocs., Ltd.*, 49 F.R.D. 170, 173 (S.D.N.Y. 1970) (denying a defendant's motion under what is now Rule 41(g), because the Government may retain property

---

[2] As the Government discussed in its opposition brief, only $21,000 was seized from the closet safe, *see* ECF No. 357, at 8 n.3, and Mrs. Seabrook's breakdown exceeds that amount.

"used [in] furtherance of criminal activity" or as "the fruit of criminal activity"); *see also* LaFave, Search and Seizure § 11.2(h) ("Certainly the movant will not prevail if the items seized are contraband to which he is not legally entitled . . . ."); *Sash v. United States*, No. 09 Civ. 450 (DC), 2009 WL 3007379, at *4 (S.D.N.Y. Sept. 22, 2009) (finding that, under Rule 41(g) analysis, "derivative contraband" includes "things that are not ordinarily illegal, like guns, automobiles, ships, and currency, that become forfeitable because of their relationship with a criminal act"); *accord Vitrano v. United States*, No. 06 Civ. 6518 (JCF), 2009 WL 1011582, at *5 (S.D.N.Y. Apr.14, 2009). Seabrook's Rule 41(g) motion with respect to the $21,000 is therefore denied.

      The Government requests in its opposition brief to apply the $21,000 seized in partial satisfaction of the $19 million restitution order imposed on Seabrook. *See* ECF No. 357. Seabrook's reply is silent on this issue. *See* ECF No. 362; *see also First Cap. Asset Mgmt., Inc. v. Brickellbush, Inc.*, 218 F. Supp. 2d 369, 393 (S.D.N.Y. 2002) (ruling that arguments not addressed in a responsive brief are "waived"); *In re UBS AG Sec. Litig.*, No. 07 CIV. 11225 RJS, 2012 WL 4471265, at *21 n.19 (S.D.N.Y. Sept. 28, 2012) (finding that issues not addressed in a responsive brief are conceded "by silence"). The Government's request is granted. Seabrook's restitution obligation remains outstanding, and COBA is owed much more than the $21,000 seized from him. *See United States v. Snype*, No. 02 Cr. 939 (DC), 2009 WL 2762746, at *2 (S.D.N.Y. Aug. 27, 2009) (applying the property seized by the Government towards the defendant's restitution obligations when a Rule 41(g) motion was denied); *Vitrano*, 2009 WL 1011582, at *11 (same); *Sash*, 2009 WL 3007379, at *4 n.5 (same).

**Conclusion**

For the foregoing reasons, Seabrook's motion under Rule 41(g) is denied as to the $21,000 cash, and granted on consent as to the balance of his motion. The Government shall apply the $21,000 to Seabrook's restitution obligation. The Government shall submit a proposed order, settled with Seabrook, reflecting the Court's order. The Clerk of Court shall terminate the open motion (ECF No. 355).

SO ORDERED.

Dated:  March 15, 2021                             /s/
        New York, New York          ALVIN K. HELLERSTEIN
                                    United States District Judge