UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
UNITED STATES OF AMERICA,                                     :
                                                              :   **ORDER DENYING LETTER**
      v.                         :   **MOTION FOR**
                                                              :   **RECONSIDERATION**
NORMAN SEABROOK,                                              :
                                                              :   16 Cr. 467 (AKH)
                               Defendant.  :
                                                              :
------------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

        Following the Court's Order Denying Motion to Compel on July 1, 2021 (ECF No. 403), Defendant submitted a letter dated July 14, 2021 that, in substance, sought reconsideration of my decision. *See* ECF No. 406. On August 4, 2021 and August 26, 2021, Defendant submitted additional letters supplementing the request for reconsideration of my July 1 decision.[1] ECF Nos. 413, 417. I denied that request on August 27, 2021. ECF No. 418. On October 28, 2021 Defendant submitted what appears to be a copy of his previously docketed July 14 letter. *See* ECF No. 425. In none of these letters—taken individually or collectively—does Defendant show that the Court overlooked controlling decisions or matters, which, had they been considered, might have changed the Court's decision. Accordingly, Defendant's motion for reconsideration of my July 1, 2021 order is denied.

        "While the Federal Rules of Criminal Procedure do not provide for reconsideration motions, such motions are tacitly accepted in criminal cases in this District by virtue of Local Crim. R. 49.1(d), which requires a movant to submit a 'memorandum setting

---

[1] In each of Defendant's August 4 and August 26 letters, Defendant references a "July 8 letter" seeking reconsideration of my July 1, 2021 decision. No such letter dated July 8, 2021 has been filed on the docket. *See generally* ECF Nos. 403–425.

forth concisely the matters or controlling decisions which counsel believes the Court has overlooked.'" *United States v. Pinto-Thomaz*, 2019 WL 1460216, at *1 (S.D.N.Y. Jan. 10, 2019) (citation omitted).  Historically, other judges in this district have applied the Local Rule 6.3 standard. *See, e.g.*, *United States v. Almonte,* 2014 WL 3702598, at *1 (S.D.N.Y. July 24, 2014); *United States v. Mottley*, 2003 WL 22083420, at *1 (S.D.N.Y. Sept. 9, 2003); *United States v. Greenfield*, 2001 WL 1230538, at *1 (S.D.N.Y. Oct. 16, 2001).  Pursuant to Local Rule 6.3, reconsideration is appropriate where a court overlooks "controlling decisions or factual matters that were put before it on the underlying motion ... and which, had they been considered, might have reasonably altered the result before the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 392 (S.D.N.Y. 2000) (internal quotation marks and citation omitted). "The standard for granting such a motion is strict, and reconsideration will generally be denied." *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 256-57 (2d Cir. 1995)

      Here, Defendant merely recites facts I already considered in deciding the motion.  *See* ECF No. 406.  Defendant points to facts discussed in United States v. Reichberg, 5 F.4th 233 (2d Cir. 2021).  *See* ECF No. 413.  But even if that decision—which was decided July 15, 2021, *after* I issued my July 1 opinion—had been available at the time of my decision, the facts in question would not have changed my conclusion that "ample ammunition exists and had been deployed at trial to attack Rechnitz's credibility."  ECF No. 403 at 7.  Defendant also takes issue with my application of *United States v. Avellino*, 136 F.3d 249 (2d Cir. 1998), but that does not amount to a cognizable claim that I "overlooked" the case.  Furthermore, Defendants points to no controlling case law that, if considered, would have altered my opinion.  Notably, the new case cited in Defendant's August 26 letter is from the Central District of California, ECF No. 417, and Defendant cites it only as one example of a failure to provide *Brady* material.   That says nothing about the government's conduct in this case, and it does not change my conclusion that

"Seabrook has not established that any of the documents of which he demands production is 'material' within the meaning of *Brady*, *Giglio*, and related authorities." ECF No. 403 at 8.

## CONCLUSION

For these reasons, I deny Defendant's letter motion for reconsideration. The Clerk shall terminate ECF Nos. 406 and 425.

SO ORDERED.

Dated: November 22, 2021    /s/ Alvin K. Hellerstein
New York, New York    ALVIN K. HELLERSTEIN
United States District Judge